

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

January 25, 1939

Hon. John F. May
  County Attorney
Karnes County
Karnes City, Texas

Dear Mr. May:

> Opinion No. O-62
> Re: Compensation payable County
>     Clerk, indexing and preserving
>     birth and death certificates

This will acknowledge receipt of your letter of January 7th, pertaining to compensation payable to the County Clerk under Article 4477, Rule 53a, and in which you set forth facts applying to your local condition.

Your questions read as follows:

"1.  Is the County Clerk entitled to the compensation allowed by the Commissioners' Court for indexing such birth and death certificates filed with him while he was on a fee basis but the indexing actually being done after he began being compensated on a salary basis, or should this money be turned in to the Officers' Salary Fund of Karnes County?

"2.  Should all of the compensation received for such indexing be paid by said county clerk into the Officers' Salary Fund?"

Article 4477, Rule 53a, relating to fees payable to the local registrar and the latter paragraph which pertain to the above questions and which, evidently, you had in mind is set forth as follows:

"...And provided further, that the Local Registrar shall submit to the Commissioners Court or the County Auditor, as the case may be, a true and accurate copy of each birth and each death certificate filed with him, and such copies

shall be deposited in the County Clerk's office, and the County Clerk shall be paid for indexing and preserving such records, such compensation as may be decided upon by the Commissioners Court.."

The above provision of the 1929 Act of the Forty-Fourth Legislature imposed the duty upon the County Clerk to receive for deposit in his office copies of birth and death certificates and required the commissioners' court to pay compensation (the amount payable within the discretion of the court), for indexing and preserving such records.

By requiring these records to be filed and deposited in the office of the County Clerk, certainly the Legislature intended that they should be indexed and preserved. No special time, it seems, is required in which these records are to be indexed nor is any penalty applicable under the rules of the sanitary code. The law presumes that a person, duly qualified and elected to a public office, will faithfully discharge and perform the duties of that office.

Although the County Clerk may be dilatory in the performance of his duties, it is to be presumed that the commissioners court, in paying him compensation under the authority of the above section of the act, approved such work as it was within their discretion to have refused payment until such work was performed. Having, of course, performed the work for which he had lawfully been paid, it is my opinion that such compensation paid belongs to the County Clerk.

Trusting that the above answers both of your questions, I remain

Very truly yours

ATTORNEY GENERAL OF TEXAS
(signed)

By

Wm. R. King
Assistant

WmK:AW

APPROVED:
(signed)
Gerald C. Mann
ATTORNEY GENERAL OF TEXAS